IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:24-CV-00713-D-RN

| | | |
|---|---|---|
| GREGORY ALLEN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STORR OFFICE ENVIRONMENTS, INC.,<br><br>Defendant. | ) | **ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

Before the Court is Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement ("Motion for Final Approval"), requesting that the Court enter an Order and Judgment Granting Final Approval of the Class Action Settlement ("Final Order and Judgment") involving Plaintiff Gregory Allen ("Plaintiff") and Storr Office Environments, Inc. ("Defendant") (together, the "Parties"), as fair, reasonable, adequate, and in the best interests of the Settlement Class.

Having reviewed and considered the Settlement Agreement and Plaintiff's Unopposed Motion for Final Approval, and having conducted a Final Approval Hearing, the Court, pursuant to Federal Rule of Civil Procedure 23(e), makes the findings and grants the relief set forth below, approving the Settlement upon the terms and conditions set forth in this Final Order and Judgment.

**THE COURT** not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

**THE COURT** being required under Federal Rules of Civil Procedure 23(e) to make the findings and conclusions hereinafter set forth for the limited purpose of determining whether the Settlement should be approved as being fair, reasonable, adequate, and in the best interests of the

Settlement Class; and

**THE COURT** having considered all the documents filed in support of the Settlement, and having fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court;

**IT IS ORDERED** that:

1. The Settlement involves allegations in Plaintiff's Class Action Complaint that Defendant was impacted by the Data Incident which allegedly caused injuries to Plaintiff and the Settlement Class.

2. The Settlement does not constitute an admission of liability by Defendant, and the Court expressly does not make any finding of liability or wrongdoing by Defendant.

3. Unless otherwise noted, words spelled in this Final Order and Judgment with initial capital letters have the same meaning as set forth in the Settlement Agreement, except as otherwise may be indicated.

4. On January 8, 2026, the Court entered an Order Granting Preliminary Approval of Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval Order"), which among other things: (a) approved the Notice to the Settlement Class, including approval of the form and manner of Notice under the Notice Program set forth in the Settlement Agreement; (b) preliminarily certified a Settlement Class; (c) preliminarily appointed Plaintiff as the Class Representative; (d) provisionally appointed Cassandra P. Miller of Strauss Borrelli PLLC as Class Counsel; (e) preliminarily approved the Settlement Agreement and the Settlement as fair, reasonable, adequate, and in the best interests of the Settlement Class; (f) set deadlines and procedures for Settlement Class Members to request exclusion from and to object to the Settlement; (g) approved and appointed Analytics Consulting, LLC as the Settlement

Administrator; and (h) set the date for the Final Approval Hearing.

5. In the Preliminary Approval Order, pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily certified the Settlement Class in this matter defined as follows:

> All individuals residing in the United States whose Personal Information was potentially compromised in the Data Incident discovered by Storr in May 2024, including all those who were sent notice of the breach.

Excluded from the Settlement Class are: (1) the judges presiding over this Action, and members of their direct families; (2) Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest; and (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline. The Court finally certifies the Settlement Class, as defined above and in the Preliminary Approval Order, pursuant to Federal Rule of Civil Procedure 23.

6. The Court, having reviewed the terms of the Settlement Agreement submitted by the Parties, grants final approval of the Settlement Agreement and Settlement. The Court finds that the Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class.

7. The terms of the Settlement Agreement are fair, reasonable, and adequate and are hereby approved, adopted, and incorporated by the Court. The Parties, their respective attorneys, and the Settlement Administrator are hereby directed to consummate the Settlement in accordance with this Final Order and Judgment and the terms of the Settlement Agreement.

8. Notice of the Final Approval Hearing and of the Motion for Attorney Fees, Costs, and Service Award has been provided to Settlement Class Members as directed by this Court's Orders.

9. The Court finds that such Notice as therein ordered, constitutes reasonable notice of the commencement of the action as directed by the Court and meets all applicable requirements

of law pursuant to Federal Rule of Civil Procedure 23 and meets the requirements of the Due Process Clauses of the United States Constitution and the North Carolina Constitution.

10. The deadline for Settlement Class Members to object to, or to exclude themselves from, the Settlement has passed.

11. No Settlement Class Member objected to the Settlement. Accordingly, there are no objections for this Court to consider, and the absence of objections strongly supports final approval.

12. All Settlement Class Members who failed to object to the Settlement Agreement in the manner provided in the Settlement Agreement are deemed to have waived any objection to the Settlement by appeal, collateral attack, or otherwise.

13. As of the final date of the Opt-Out Period, no Settlement Class Member submitted a valid Request for Exclusion from the Settlement.

14. The Court has considered all the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

15. Pursuant to the Settlement Agreement, Defendant and the Settlement Administrator shall implement the Settlement in the manner and timeframe as set forth therein.

16. The Court finally appoints Plaintiff Gregory Allen as Class Representative.

17. The Court finally appoints Cassandra P. Miller of Strauss Borrelli PLLC as Class Counsel.

18. Pursuant to the Settlement Agreement, Plaintiff and the Settlement Class Members release claims against Defendant and all Released Persons, as defined in the Settlement

Agreement, as follows: any and all claims, liabilities, rights, demands, suits, actions, causes of action, obligations, damages, penalties, costs, attorneys' fees, losses, and remedies of every kind or description—whether known or unknown (including Unknown Claims), existing or potential, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, legal, statutory, or equitable—that relate to or arise from the Data Incident, the operative facts alleged in the Action, including the complaint and any amendment thereto, Defendant's information security policies and practices, or Defendant's maintenance or storage of Personal Information, regardless of whether such claims arise under federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law. Released Claims shall not include the right of any Settlement Class Member, Plaintiff's counsel, Class Counsel, or any of the Released Persons to enforce the terms of the Settlement contained in the Settlement Agreement and shall not include the claims of those persons who have timely and validly requested exclusion from the Settlement Class.

19. On the Effective Date, the Parties and each and every Settlement Class Member shall be bound by the Settlement Agreement and shall have recourse only to the benefits, rights, and remedies provided therein. No other action, demand, suit, arbitration, or other claim may be pursued against Defendant or any Released Persons with respect to the Released Claims.

20. Upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, including Plaintiff, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, pursuing, or participating in any recovery in any action in this or any other forum (other than participation in the Settlement as provided in the Settlement Agreement) in which any of the Released Claims is asserted.

21. On the Effective Date and in consideration of the promises and covenants set forth

in the Settlement Agreement, (i) Plaintiff and each Settlement Class Member, and each of their respective executors, representatives, guardians, wards, heirs, estates, successors, predecessors, next friends, legal representatives, attorneys, agents, and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf (including the government in the capacity as *parens patriae* or on behalf of creditors or estates of the releasors), and each of them (collectively and individually, the "Releasing Persons"), and (ii) Class Counsel and each of their past and present law firms, partners, or other employers, employees, agents, representatives, successors, or assigns will be deemed to have, and by operation of this Final Order and Judgment shall have, fully, finally, completely, and forever released and discharged the Released Persons from the Released Claims. The release set forth in the preceding sentence (the "Release") shall be included as part of any judgment, so that all Released Claims shall be barred by principles of res judicata, collateral estoppel, and claim and issue preclusion.

22. Without in any way limiting the scope of the Release, the Release covers, without limitation, any and all claims for attorneys' fees, costs, and expenses incurred by Class Counsel or any other counsel representing Plaintiff or Settlement Class Members, or any of them, in connection with or related in any manner to the Lawsuit, the Settlement, the administration of such Settlement and/or the Released Claims, as well as any and all claims for the Service Award to Plaintiff.

23. Subject to Court approval, as of the Effective Date, all Settlement Class Members shall be bound by the Settlement Agreement and the Release and all of their claims shall be dismissed with prejudice and released, irrespective of whether they received actual notice of the Lawsuit or the Settlement.

24. As of the Effective Date, the Released Persons are deemed, by operation of the

entry of this Final Order and Judgment, to have fully released and forever discharged Plaintiff, the Settlement Class Members, Class Counsel, or any other counsel representing Plaintiff or Settlement Class Members, or any of them, of and from any claims arising out of the Lawsuit or the Settlement. Any other claims or defenses Defendant or other Released Persons may have against Plaintiff, the Settlement Class Members, Class Counsel, or any other counsel representing Plaintiff or Settlement Class Members, including, without limitation, any claims based upon or arising out of any employment, debtor-creditor, contractual, or other business relationship that are not based upon or do not arise out of the institution, prosecution, assertion, settlement, or resolution of the Lawsuit or the Released Claims are not released, are specifically preserved, and shall not be affected by the preceding sentence.

25. As of the Effective Date, the Released Persons are deemed, by operation of entry of the Final Order and Judgment, to have fully released and forever discharged each other of and from any claims they may have against each other arising from the claims asserted in the Lawsuit, including any claims arising out of the investigation, defense, or Settlement of the Lawsuit.

26. The matter is hereby dismissed with prejudice and without costs, except that the Court reserves jurisdiction over the consummation and enforcement of the Settlement.

This Final Order and Judgment resolves all claims against all parties in the Lawsuit and is a final order. There is no just reason to delay the entry of final judgment in this matter, and the Clerk is directed to file this Final Order and Judgment as the final judgment in this matter. **IT IS SO ORDERED** on July 1, 2026

JAMES C. DEVER III
United States District Judge